ACKnowledge IP P.C.
Intellectual Property Law & Consulting

ACKnowledge IP P.C.
6800 Jericho Tpke
Suite 120W
Syosset, NY 11791
631.970.7060
ACKnowledgeIP.com

Paul D. Ackerman
+1.516.376.4046 (Mobile)
paul@acknowledgeIP.com

September 8, 2026

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:** *Pisana v. Cullinane, et al.*, No. 1:26-cv-05890 (JGK) — Defendants' Request for a Pre-Motion Conference Regarding an Anticipated Motion to Dismiss (or Transfer) for Improper Venue and Dismiss Counts 1 & 4 Under Fed. R. Civ. P. 12(b)(6)

Dear Judge Koeltl:

We represent Defendants John T. Cullinane and Mambo Wellness, Inc. ("Defendants") in this action. Pursuant to Section III.B of Your Honor's Individual Practices, Defendants respectfully request a pre-motion conference regarding their anticipated motion (1) to dismiss the Complaint for improper venue under Fed. R. Civ. P. 12(b)(3), or in the alternative to transfer the action to the Eastern District of New York, and (2), should the Court retain the action, to dismiss Counts One and Four of the Complaint under Fed. R. Civ. P. 12(b)(6).

**Background.** Pro se Plaintiff Joseph Pisana alleges that Defendants' use of "SAINT CANNABIS" in connection with a licensed cannabis dispensary infringes his alleged, unregistered, "SAINT NYC" brand. He pleads four causes of action: (1) trademark infringement, 15 U.S.C. §§ 1114–1116; (2) unfair competition and false designation of origin, 15 U.S.C. § 1125(a); (3) common-law trademark infringement and unfair competition; and (4) unjust enrichment. Dkt. 1.

**1. Venue does not lie in this District.** By Plaintiff's own pleading, Defendants do not reside in the Southern District of New York. Defendant Cullinane's business address is in Bayside, New York (Queens County), Compl. ¶ 10, Defendant Mambo Wellness's business address is in Long Island City, New York (also Queens County), Compl. ¶ 11, and the dispensary both Defendants allegedly operate is itself "in Queens, New York," Compl. ¶ 23. Each of these locations alleged in the Complaint are within the Eastern District. With respect to Mambo Wellness, Inc., no facts are alleged that would satisfy venue in this district under Fed. R. Civ. P 12(d). Instead, Plaintiff's venue allegation appears to rest on his own business address (which is not a recognized basis for venue) and on the conclusory assertion that Defendants "transact[] business in this district" and

that unspecified "events" occurred here. The Complaint alleges no specific fact tying any conduct to this District.

Once venue is challenged, the burden is Plaintiff's to make a *prima facie* showing of proper venue, and conclusory recitals do not suffice. *See Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 355 (2d Cir. 2005). Because venue is improper here under 28 U.S.C. § 1391(b) and (d), the action should be dismissed under Rule 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative transferred to the Eastern District of New York.

**2. Should the Court retain the action, Count One should be dismissed because Plaintiff owns no registered trademark.** Count One seeks relief for under "Trademark Infringement (15 U.S.C. §§ 1114–1116)". These sections, however, only create a cause of action for infringement of "a registered mark" and reserves its remedies for "the registrant." 15 U.S.C. §§ 1114(1), 1127 (defining "registered mark"). Plaintiff's Complaint pleads only that he owns pending trademark application Serial No. 99/531,030. Compl. ¶ 17. Indeed, the USPTO printout Plaintiff attaches as Exhibit A confirms the application's status as "LIVE/APPLICATION — Awaiting Examination" Compl., Ex. A.[1] A pending application confers no right to sue for infringement under 15 U.S.C. §§1114 and any priority it may eventually carry is expressly "[c]ontingent on the registration of [the] mark." 15 U.S.C. § 1057(c). Since Plaintiff does not assert a "registered mark," Count 1 fails to set forth claim for which relief can be granted.

Because these deficiencies appear on the face of the Complaint and its exhibits, and cannot be cured by amendment, Count One should be dismissed without leave to amend.

**3. Should the Court retain the action, Count Four should also be dismissed as duplicative of Counts Two and Three.** Count Four alleges that Defendants have "unjustly retained profits from the sale of cannabis and clothing products bearing Plaintiff's SAINT NYC™ mark." Compl. ¶ 47 This count is based on the same underlying conduct and seeks the same monetary relief (disgorgement of profits, see Compl. ¶ 39; Prayer for Relief ¶ 2), already alleged under the Lanham Act and common-law unfair-competition counts.

New York law does not permit an unjust enrichment claim to proceed where it "simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.,* 18 N.Y.3d 777, 790 (2012). Count Four should accordingly be dismissed.

**<u>Conclusion</u>**

Because the venue ground and the principal merits ground (Count One) both turn on express allegations set forth in the Complaint, and Count Four presents a straightforward duplication issue, Defendants respectfully submit that a conference may not be necessary and would welcome the Court's leave to proceed directly to a briefing schedule. Defendants are, of course, available for a conference at the Court's convenience if the Court prefers.

[1] A recent review of the USPTO database shows that the application now has rejections set forth in a non-final office action issued on August 29, 2026.

Defendants further respectfully request that their time to respond to the Complaint be extended, pursuant to Fed. R. Civ. P. 12(a)(4), pending resolution of this request and, if leave is granted, pending resolution of the anticipated motion.

Respectfully submitted,

*/Paul D. Ackerman/*

Paul D. Ackerman, Esq.

cc: Joseph Pisana, Pro Se Plaintiff (via ECF and electronic mail)